PER CURIAM.
In this proceeding to terminate parental rights pending adoption pursuant to chapter 63, Florida Statutes (2010), Appellant, V.M., challenges the authority of the trial court to enter an order adjudicating his infant daughter dependent after concluding that the evidence did not support terminating his parental rights. We agree with Appellant and conclude that the trial court should have dismissed the petition. Accordingly, we affirm in part and reverse in part.
On April 7, 2010, Appellant’s wife gave birth to their daughter while Appellant was in jail. Three days later, Appellant’s wife voluntarily executed a consent to adoption pursuant to section 63.082, Florida Statutes (2010), effectively giving custody of the child to Home at Last Adoption Agency (“the Adoption Agency”), a Florida licensed child-placing agency. Shortly thereafter, the Adoption Agency placed the child with an out-of-state family and filed a petition for termination of parental rights pending adoption, alleging abandonment as the basis for terminating Appellant’s parental rights.[1] After the court appointed counsel to represent Appellant due to a finding of indigency, he denied “each and every allegation” of the petition and specifically denied receiving the required notice of intended adoption plan.
The court held a trial on the termination petition on June 13, 2011. At the conclusion of the trial, the court found that Appellant’s wife had given the child to the Adoption Agency without telling Appellant or getting Appellant’s consent and then lied to the Adoption Agency about it. The court, therefore, found that Appellant had not abandoned the child and denied the Adoption Agency’s request to terminate his parental rights, stating:
There is nothing that’s been presented to me that would lead me to determine that this man has abandoned the child, nor has there been some egregious activity that would cause me to terminate his parental rights. However, it is very appropriate for a dependency.
*1114 I would order at this point — again, not hearing what some witness in the hallway is going to say — or at this point, based on the evidence that’s been presented so far, that the father would be entitled to a case plan that would include psychological evaluation, Batterers Intervention, a parenting class, obviously follow the recommendations of the psychological evaluation, pay child support, have regular and routine visitation.
I cannot find good grounds to terminate his parental rights. It doesn’t .meet the criteria. And I think the biggest problem is, the mother lied to you. But I cannot find abandonment.
And the other grounds that you have listed and elicited here at testimony today, do not rise to the level of termination. They do rise to the level of dependency though.
The court initially ordered that the child be returned to Florida and that Appellant receive weekly visitation. However, after discussions regarding with whom the child would be placed in Florida, the court stated that the child could remain with the prospective adoptive parents in Massachusetts but that they would have to bring the child to Florida for visitation with Appellant every other Saturday. The court expressed its desire not to place the child in foster care or involve the Department of Children and Families.
The court did not render its order based on the termination trial until December 22, 2011. In its “Order of Adjudication and Findings of Fact Order of Disposition and Case Plan Acceptance,” the court denied the petition to terminate Appellant’s parental rights. We affirm this portion of the order without further discussion. After denying termination, however, the court proceeded to adjudicate the child dependent and purported to make findings of fact pursuant to section 39.507, Florida Statutes. The court ordered the child to remain with her current placement in Massachusetts, provided Appellant with supervised visitation every other Saturday, and ordered Appellant to pay $200 per month in child support and complete a financial affidavit for income deduction. It further ordered Appellant to enter a case plan requiring him to have a psychiatric examination, complete parenting classes, and complete domestic violence/batterer’s intervention courses, all at Appellant’s expense.
As he did below, Appellant argues that the trial court exceeded its authority after finding that there was insufficient evidence to support termination of his parental rights. He contends that after making such a finding, the court had no choice but to dismiss the petition. We agree. The pertinent part of chapter 63 provides:
63.089. Proceeding to terminate parental rights pending adoption; hearing; grounds; dismissal of petition; judgment.—
[[Image here]]
(5) DISMISSAL OF PETITION. — If the court does not find by clear and convincing evidence that parental rights of a parent should be terminated pending adoption, the court must dismiss the petition and that parent’s parental rights that were the subject of such petition shall remain in full force under the law. The order must include written findings in support of the dismissal, including findings as to the criteria in subsection (4) if rejecting a claim of abandonment. Parental rights may not be terminated based upon a consent that the court finds has been timely withdrawn under s. 63.082 or a consent to adoption or affidavit of nonpaternity that the court finds was obtained by fraud or duress. The court must enter an order based upon written *1115 findings providing for the placement of the minor. The court may order scientific testing to determine the paternity of the minor at any time during which the court has jurisdiction over the minor. Further proceedings, if any, regarding the minor must be brought in a separate custody action under chapter 61, a dependency action under chapter 39, or a paternity action under chapter 742.
§ 63.089(5), Fla. Stat. (2010) (emphasis added).[2]
During opening statements at the termination trial, the Adoption Agency asserted that it was before the court on only one issue — abandonment. The court specifically found that there was insufficient evidence to establish that Appellant abandoned his child or that Appellant’s parental rights should be terminated on any other asserted ground. Instead of dismissing the petition after finding no basis for termination, as required by section 63.089(5), the trial court proceeded to create and adopt a case plan, order Appellant to complete several tasks, and order child support and visitation. This was error. Section 63.089(5) is clear and unambiguous. It required the court to dismiss the petition upon finding that Appellant’s parental rights should not be terminated pending adoption. The court had no choice but to dismiss the petition, leaving Appellant’s parental rights intact. The statute is clear that any dependency proceedings would have to be filed separately in a dependency action pursuant to chapter 39. A statute that is clear and unambiguous and conveys a clear and definite meaning should be given its plain and ordinary meaning. Dianderas v. Fla. Birth Related Neurological Injury Comp. Ass’n, 973 So.2d 523, 526 (Fla. 5th DCA 2007). The lower court’s creation of what it called a “private dependency” proceeding was error.
AFFIRMED in part, REVERSED in part.
TORPY, LAWSON and COHEN, JJ., concur.

. The Florida Adoption Act, chapter 63, Florida Statutes, involves private adoptions. Pursuant to section 63.087(4), a petition to terminate parental rights pending adoption may be initiated by an adoption entity if certain conditions are met.

. The statute has been amended, effective July 1, 2012; however, the relevant language remains the same in the current statute.